IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**CHARLES MARVIN GOODE,**

    Petitioner,

v.                                                                         Civil Action No. **3:18CV822**

**HAROLD CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition (§ 2254 Petition," ECF No. 1). By Memorandum Order entered on December 13, 2018, the Court directed service of the § 2254 Petition on Respondent. In his Motion to Dismiss, Respondent indicates that the § 2254 Petition should be dismissed because Petitioner has not exhausted his state remedies. Petitioner filed a Reply and concedes, "that [Petitioner], at this juncture, failed to completely exhaust his state remedies both on direct appeal and on state habeas appeal." (Reply 1–2, ECF No. 11 (citations omitted.) Thus, "[Petitioner] joins the respondent in moving to dismiss his Petition (ECF No. 1) without prejudice as to allow the Petitioner to fully exhaust his state court remedies." (*Id.* at 2.)

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Both parties agree that Petitioner has not exhausted his state remedies with respect to his current claims.

Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Petitioner may file a § 2254 petition in this Court after he has exhausted his remedies in state court. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 14 March 2019
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge